IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ENSIGN TITLE AND ESCROW, INC., | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:22-cv-00028 |
| PHH MORTGAGE CO., and MACKIE WOLF ZIENTZ & MANN, P.C., | ) |
| | ) |
|       **Defendants.** | ) |

**JOINT RESPONSE TO COURT ORDER REGARDING SUBJECT MATTER JURISDICTION AND STIPULATION FOR REMAND**

Plaintiff Ensign Title and Escrow, Inc. ("Ensign Title"), Defendant PHH Mortgage Corporation ("PHH"), and Defendant Mackie Wolf Zientz & Mann, P.C. ("MWZM" and together with PHH and Ensign Title, the "Parties"), by and through undersigned counsel, respectfully submit this joint response to the Court's March 30, 2022 Order requesting briefing on subject matter jurisdiction on this case. Doc. 20. Based upon the below stipulated facts and law, the Parties agree and stipulate to remand this case to the Chancery Court for Hamilton County, Tennessee. As grounds for this Response, the Parties stipulate and agree as follows:

1. On January 3, 2022, Ensign Title filed a *Complaint for Declaratory Judgment and for Temporary Injunction*, bearing Case No. 22-0006 in the Chancery Court for Hamilton County, Tennessee.

2. In the Complaint, Ensign Title alleges that PHH improperly rejected payoff funds related to a deed of trust encumbering the real property located at 3705 Hoyt Street, Chattanooga, Tennessee 37411 (the "Property") and demanded amounts that were not owed in order to release the deed of trust. *See* Complaint at ¶¶ 5–14, 20–23, Doc. 1-1.

3. Ensign Title seeks a declaratory judgment "determining the various rights and duties of the parties" and also seeks an injunction prohibiting a foreclosure sale of the Property. *Id.* at ¶¶ 20–21.

4. On February 1, 2022, PHH and MWZM removed this case to this Court pursuant to 28 U.S.C. § 1446 based upon diversity jurisdiction, alleging that the amount in controversy was satisfied because the "object of the litigation" is the value of the Property because Ensign Title is seeking injunctive relief to prevent foreclosure. Doc. 1 ¶ 11. PHH and MWZM allege that the Property has an appraised market value of $119,100.00. *Id.* (citing Doc. 1-1).

5. At the telephonic conference held by this Court on March 30, 2022, the Court questioned whether subject matter jurisdiction existed due to questions regarding the amount in controversy in this matter and ordered briefs to be filed, jointly or individually, regarding this issue by April 5, 2022. Doc. 20.

6. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)).

7. There is a split among the district courts in the Sixth Circuit regarding how the "object of the litigation" should be measured in foreclosure-related cases. *See, e.g.*, *Williams v. JPMorgan Chase Bank, N.A.*, No. 12-CV-12476, 2012 WL 6150742, at *2, (E.D. Mich. Dec. 11, 2012); *McGhee v. Citimortgage, Inc.*, 834 F. Supp. 2d 708, 712 (E.D. Mich. Dec. 19, 2011); *Bobel v. Met Life Home Loans, Inc.*, No. 11-CV-10574, 2011 WL 1831741, at *2 (E.D. Mich. May 13, 2011); *see also Molotky v. Capel*, No. 1:17-cv-523, 2018 WL 550681, at *3 (W.D. Mich. Jan. 2,

2018); *Meriedeth v. Fannie Mae*, No. 11-CV-11866, 2011 WL 2456630, at *1 (E.D. Mich. June 13, 2011).

8. The "majority of courts addressing the valuation issue … f[i]nd that, in the context of wrongful foreclosure, the amount in controversy is measured by the market value of the property." *McGhee*, 834 F. Supp. 2d at 712 (citing, *inter alia*, *Meriedeth*, 2011 WL 2456630, *at 1; *Bobel*, 2011 WL 1831741, at *2).

9. An alternative approach concludes "the amount owed on the mortgage loan" is determinative. *McGhee*, 834 F. Supp. 2d at 712 (citing, *inter alia*, *Meriedeth*, 2011 WL 2456630, at *1–2).

10. The Sixth Circuit applied the narrow "value of the consequences which may result from the litigation" approach in *Freeland v. Liberty Mut. Fire Ins. Co.* as 632 F.3d 250, 253 (6th Cir. 2011) (quoting *LoDal, Inc. v. Home Ins. Co. of Ill.*, No. 95-2187, 1998 WL 393766 (6th Cir. June 12, 1998)). In *Freeland,* the plaintiff sought a declaratory judgment regarding the proper amount of proceeds payable under an insurance policy. *Id.*

11. In *Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906, 913 (6th Cir. 2018), the Sixth Circuit reviewed the foregoing authority and applied the broader value of the property test because "injunctive relief [was] among the relief" sought by the plaintiff. Specifically, the plaintiff in *Beasley* "sought to enjoin Wells Fargo's 'further foreclosure and eviction actions against Plaintiff's home.'" *Id.* (quoting *Beasley v. Wells Fargo Bank, N.A.*, No. 3:17-CV-00726, 2017 WL 2670892, at *2 (M.D. Tenn. June 21, 2017). Based upon the injunctive relief sought, the *Beasley* court held that the asserted fair market value of the subject property was the proper method for calculating the amount-in-controversy requirement.

12. Here, Ensign Title seeks a declaratory judgment regarding the difference between what was remitted and what was owed, and also seeks an injunction to prevent foreclosure of the Property. *See* Complaint at ¶¶ 21–23, Doc. 1-1.

13. The Parties agree that the Property has an appraised market value in excess of $75,000 and also agree that the injunctive relief sought to prevent foreclosure would satisfy the amount in controversy under the value of the property test. If the Court were to apply the "value of the consequences of the litigation" test, however, the $75,000 threshold would not be satisfied.

14. The Parties further agree, however, that this is not a typical wrongful foreclosure case filed by a borrower seeking to prevent foreclosure of the borrower's home. Rather, the primary dispute here is a determination of the proper amount of payoff proceeds necessary to satisfy the subject mortgage loan.

15. Therefore, without conceding that jurisdiction does not exist in this case, the Parties stipulate and agree out of an abundance of caution that this case should be remanded to the Chancery Court for Hamilton County, Tennessee for further proceedings on this matter, with each party to bear its own costs and attorneys' fees.

Respectfully submitted,

*/s/ Peter Ensign (with permission)*
Peter C. Ensign (BPR No. 17071)
6111 Shallowford Road
Suite 105 C
Chattanooga, Tennessee 37421
(423) 510-0410
ensign@ensignlegal.com

*Counsel for Ensign Title and Escrow, Inc.*

/s/ *Benjamin W. Perry*
Benjamin W. Perry (BPR No. 34387)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P. O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 252-3515
bperry@bradley.com

*Attorneys for Defendant PHH Mortgage Corporation*

/s/ *Robert T. Lieber Jr. (with permission)*
Robert T. Lieber Jr. (No. 35829)
MACKIE WOLF ZIENTZ & MANN, P.C.
7100 Commerce Way, Suite 273
Brentwood, Tennessee 37027
Phone: (615) 238-3630

*Attorney for Defendants PHH Mortgage Corporation and Mackie Wolf Zientz & Mann, P.C.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 5, 2022, a true and correct copy of the foregoing document was delivered to the following counsel via ECF notification:

| | |
|---|---|
| Peter C. Ensign<br>6111 Shallowford Road<br>Suite 105 C<br>Chattanooga, TN 37421<br><br>*Counsel for Plaintiff* | Robert T. Lieber Jr.<br>Mackie Wolf Zientz & Mann, P.C.<br>7100 Commerce Way, Suite 273<br>Brentwood, TN 37027<br><br>*Counsel for PHH Mortgage Corporation and Mackie Wolf Zientz & Mann, P.C.* |

/s/ *Benjamin W. Perry*
Benjamin W. Perry